12 CV 0735

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Farkash<br>*Plaintiff,*<br><br>-v-<br><br>**RJM ACQUISITIONS FUNDING, LLC**<br>*Defendant,* | Case No._____<br><br>Trial by Jury Demanded |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p §1692k(d), and 28 U.S.C. § 1331, 15 U.S.C. § 1691 *et seq.* and supplemental jurisdiction exists over the New York General Business Law § 349 claims pursuant to 28 U.S.C. § 1367.

### PARTIES

2. The Plaintiff in this lawsuit is David Farkash, (hereinafter "Plaintiff"), a natural person, who resides in Orange County, New York and is a consumer as defined by 15 U.S.C. § 1692a(3) (FDCPA).

3. The Defendant in this lawsuit is **RJM ACQUISITIONS FUNDING, LLC** (hereinafter "Defendant") an unknown entity with offices at **575 Underhill Blvd. Suite 224, Syosset, NY 11791-3416**.

### VENUE

4. The occurrences which give rise to this action occurred in Orange County, New York and Plaintiff resides in Orange County, New York.

5. Venue is proper in the Southern District of New York.

## GENERAL ALLEGATIONS

6. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

7. Plaintiff determined that his consumer credit report had been obtained on various occasions by various entities he did not recognize and without his consent.

8. Plaintiff found after examination of his Experian consumer credit report that Defendant had obtained Plaintiff's Experian consumer credit report on February 3, 2010 – February 6, 2010 – August 24, 2010 – February 25, 2011 – March 7, 2011 – May 21, 2011.

9. Discovery of violation brought forth herein occurred in Month of June, Year 2011 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

10. On or about April 26, 2011 Plaintiff received a letter from Defendant which demanded payment in the amount of $15,705.48 for a consumer debt as defined by 15 U.S.C. § 1692(a)(5) which had allegedly been consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

11. On May 16, 2011 Plaintiff sent a demand for validation and dispute in writing to the Defendant via U.S. Mail Certified Receipt # 7010 1670 0001 4899 3567 pursuant to the FDCPA. USPS records show that Defendant received the demand at 10:34 am on May 17, 2011 in SYOSSET, NY 11791.

12. Plaintiff received no reply from Defendant, no general ledger accounting of the alleged account, or a copy of any signed contract or agreement, and no verified statement, that the information was provided by the person who created and maintains the account records at issue and was true, accurate and not misleading.

13. The letter received by Plaintiff from Defendant stated "THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR" in violation of 15 U.S.C. § 1692g(b) when a prior request for validation had been made and not complied with and collection activity was still ongoing.

14. The Defendant, by stating that $15,705.48 was owed to them violated 15 U.S.C. § 1692e(2) by misrepresenting the amount the alleged debt.

15. Plaintiff again made a request for validation to the Defendant in a letter dated January 1, 2012 via U.S. Mail Certified Receipt 9405 5036 9930 0358 8090 26 requesting proper validation and gave notice to cease and desist once again from any further collection until validation was properly and legally provided.

16. The validation demand was received by the Defendant according to USPS records and once again no response from Defendant that Plaintiff received contained a copy of any signed contract or agreement, which did not constitute validation in any manner.

17. Once again the response received by Plaintiff from Defendant stated "THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR" in violation of 15 U.S.C. § 1692g(b) when a prior request for validation had been made and not complied with and collection activity was still ongoing and **again** misrepresented the amount of the debt in violation of 15 U.S.C. § 1692e(2).

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANT
### RJM ACQUISITIONS FUNDING, LLC

18. Paragraphs 1 through 17 are re-alleged as though fully set forth herein.

19. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

20. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

21. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

22. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

23. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

24. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

25. At no time did Plaintiff give his consent for Defendant, to acquire his consumer credit report from any credit reporting agency.

26. In the year 2010 and 2011 Defendant, obtained the Experian consumer credit report of the Plaintiff with no permissible purpose six times in violation of FCRA, 15 U.S.C. § 1681b.

27. The actions of Defendant, obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

28. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section

<u>103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

29. **<u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u>** but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff, never had any such account so there was obviously no permissible purpose to obtain the Plaintiff's credit report.

30. Plaintiff has no idea or indication as to what possible alleged account the Defendant, could claim to have with him and is positive that he had no account with the Defendant, which would come under the definition of account in the FCRA in regard to permissible purpose.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, for statutory damages, fees and costs, to be determined by this honorable court, pursuant to 15 U.S.C. §1681n as well as damages pursuant to New York General Business Law.

<u>**COUNT II**</u>

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g(b) BY DEFENDANT RJM ACQUISITIONS FUNDING, LLC**

31. Paragraphs 1 through 30 are re-alleged as though fully set forth herein.

32. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

33. Defendant is a debt collector within the meaning of the § FDCPA 1692a(6).

34. The response that Plaintiff received from Defendant after his first request for validation did not contain validation of the alleged debt but stated that the communication was an attempt to collect a debt in blatant violation of 15 U.S.C. Title 15 § 1692g(b).

35. Defendant, as a debt collector, violated 15 U.S.C. § 1692g(b) by sending a collection notice to Plaintiff when multiple demands for validation and demands to cease and desist from collection activities sent to Defendant had not been complied with as required under the FDCPA.

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e(2) BY DEFENDANT RJM ACQUISITIONS FUNDING, LLC

36. Defendant sent dunning letters to the Plaintiff on multiple occasions where Defendant stated that $15,705.48 was due and owing by the Plaintiff and in doing so misrepresented the amount or character of the debt alleged to be owed by the Plaintiff in violation of 15 U.S.C. § 1692e(2).

WHEREFORE, Plaintiff demands judgment for damages against Defendant, for statutory damages, fees and costs, and any attorneys' fees pursuant to 15 U.S.C. §1692k as well as damages pursuant to New York General Business Law.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 23, 2012

Respectfully Submitted,

David Farkash
PO Box 54
Monroe, NY 10949
845-662-4520
ibzp12@gmail.com