UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
DAVID FARKASH,                                  :     **OPINION AND ORDER**
Plaintiff,                                      :
       v.                                    :     12-CV-735 (ER)
RJM ACQUISITIONS FUNDING, INC.,                 :
Defendant.                                      :
------------------------------------------------------------x
------------------------------------------------------------x
DAVID FARKAS,                                   :
Plaintiff,                                      :
       v.                                    :     12-CV-935 (ER)
CAVALRY PORTFOLIO SERVICES,                     :
Defendant.                                      :
------------------------------------------------------------x
------------------------------------------------------------x
DAVID FARKASH,                                  :
Plaintiff,                                      :
       v.                                    :     12-CV-1017 (ER)
MIDLAND CREDIT MANAGEMENT, INC.,                :
Defendant.                                      :
------------------------------------------------------------x
------------------------------------------------------------x
DAVID FARKAS,                                   :
Plaintiff,                                      :
       v.                                    :     12-CV-1110 (ER)
FREDERICK J. HANA & ASSOCIATES, P.C.,           :
Defendant.                                      :
------------------------------------------------------------x
------------------------------------------------------------x
DAVID FARKAS,                                   :
Plaintiff,                                      :
       v.                                    :     12-CV-1310 (ER)
MAIN STREET ACQUISITION CORP.,                  :
Defendant.                                      :
------------------------------------------------------------x
------------------------------------------------------------x
DAVID FARKAS,                                   :
Plaintiff,                                      :
       v.                                    :     12-CV-1456(ER)
NATIONAL ENTERPRISE SYSTEMS, INC.,              :
Defendant.                                      :
------------------------------------------------------------x

```
-----------------------------------------------------------------x
DAVID FARKAS,                                   :
       Plaintiff,                               :
              v.                                :       12-CV-2212 (ER)
ENHANCED RECOVERY CO., LLC,                     :
       Defendant.                               :
-----------------------------------------------------------------x
-----------------------------------------------------------------x
DAVID FARKAS,                                   :
       Plaintiff,                               :
              v.                                :       12-CV-2360 (ER)
NORTHSTAR LOCATION SERVICES, LLC,               :
       Defendant.                               :
-----------------------------------------------------------------x
```

RAMOS, D.J.:

*Pro se* Plaintiff David Farkas has filed ten *in forma pauperis* lawsuits against various debt collection agency Defendants, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Two of these cases have settled.  *See Farkas v. Stuart Allan & Assoc.*, No. 12-cv-598 (ER); *Farkas v. Capital Management Serv.*, No. 12-cv-1016 (ER).

Eight of Mr. Farkas's cases remain pending.  Five of these cases—*Farkas v. Frederick J. Hana & Associates*, No. 12-cv-1110 (ER) ("*Hana*"), *Farkas v. Main Street Acquisition Corp.*, No. 12-cv-1310 (ER) ("*Main Street*"), *Farkas v. National Enterprise Systems*, No. 12-cv-1456 (ER) ("*National Enterprise*"), *Farkas v. Enhanced Recovery Co.*, No. 12-cv-2212 (ER) ("*Enhanced Recovery*"), and *Farkas v. Northstar Location Services*, No. 12-cv-2360 (ER) ("*Northstar*")—are one count complaints alleging that the Defendants obtained Mr. Farkas' consumer credit report with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

In the three other cases—*Farkash v. RJM Acquisition Funding*, No. 12-cv-735 (ER) ("*RJM*")*, Farkas v. Cavalry Portfolio Services*, No. 12-cv-935 (ER) ("*Cavalry*")*,* and *Farkash v.*

2

*Midland Credit Management*, No. 12-cv-1017 (ER) ("*Midland*")[1]—Mr. Farkas brings the same FCRA count against the Defendants, but he also alleges that each of these Defendants violated two FDCPA provisions.  Specifically, Mr. Farkas claims that the three Defendants attempted collect a debt after being notified that the debt was disputed in violation of 15 U.S.C. § 1692g and sent him communications that misrepresented a debt in violation of 15 U.S.C. § 1692e.

This order addresses all eight cases.  This Court concludes that Mr. Farkas has failed to state a claim upon which relief can be granted in his FCRA claims and therefore *sua sponte* DISMISSES without prejudice the entire complaints in *Hana*, *Main Street*, *National Enterprise*, *Enhanced Recovery*, and *Northstar*, and Counts 1 of *RJM*, *Cavalry*, and *Midland*.  The Court also *sua sponte* DISMISSES with prejudice Count 2 in *Midland*.

**DISCUSSION**

**Procedural Standard**

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court may dismiss such a complaint, or portion thereof, if it fails to state a claim upon which relief could be granted. § 1915(e)(2)(B)(ii).  Even though the law authorizes dismissal on that ground, courts "remain obligated to construe *pro se* complaints liberally."  *E.g., DiPetto v. U.S. Postal Serv.*, 383 Fed. Appx. 102, 103 (2d Cir. 2010); *Johnson v. J.P. Morgan Chase Bank, N.A., et al.*, No. 11 Civ. 662 (DLC), 2011 WL 497923, at \*1 (S.D.N.Y. Feb.10, 2011).  Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest claims that they suggest."  *E.g.,*

---

[1] Plaintiff spells his name differently in *RJM* and *Midland* than he does in the other complaints.  The Court notes that all complaints refer to the same person because they all contain identical contact information.

*DiPetto*, 383 Fed. Appx. at 103 (internal punctuation omitted); *see also Johnson*, 2011 WL 497923, at *1.

Nonetheless, a *pro se* complaint must still provide a defendant with fair notice of what the plaintiff's claims are and each of the grounds upon which they rest. *See Valenzuela v. Riverbay Corp.*, No. 06 Civ. 903 (DLC), 2007 WL 414487, at *2 (S.D.N.Y. Jan. 31, 2007); *see generally Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"Even though all allegations contained in the complaint are assumed to be true" on a motion to dismiss, that "tenet is 'inapplicable to legal conclusions.'" *Zapolski v. Fed. Republic of Germany*, 425 Fed. Appx. 5, 6 (2d Cir. 2011) (quoting *Iqbal*, 129 S.Ct. at 1949) (affirming *sua sponte* dismissal of *pro se*, *in forma pauperis* complaint). Rather, "[t]he complaint must plead 'enough facts to state a claim [for] relief that is plausible on its face.'" *Zapolski*, 425 Fed. Appx. at 6 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord DiPetto*, 383 Fed. Appx. at 103 ("*pro se* complaints must contain sufficient factual allegations to meet the plausibility standard"). A claim has "'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zapolski*, 425 Fed. Appx. at 6 (quoting *Iqbal*, 129 S.Ct. at 1949).

**FCRA Counts (All Eight Cases)**

Mr. Farkas' purported FCRA causes of action each rest upon the Defendants' alleged violation of Section 1681b. That section protects consumer privacy by limiting access to

consumer credit reports.  To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, *see* 15 U.S.C. § 1681b(f); *see also Stonehart v. Rosenthal*, No. 01-cv-651 (SAS), 2001 WL 910771, at *3 (S.D.N.Y. Aug.13, 2001), and that the violation was willful or negligent, *see* 15 U.S.C. §§ 1681n, 1681o; *see also, e.g., Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995).

In a recent decision dismissing similar claims, *Perl v. American Express*, No. 11-cv-7374 (KBF), 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012), the district court held that plaintiffs must allege specific facts to satisfy the state of mind element.

In each of the instant cases, Mr. Farkas adequately alleges that his report was obtained for an impermissible purpose by alleging that he "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from," Defendants.  Compl. at ¶ 18, *Hana*; Compl. at ¶ 18, *Main Street*; Compl. at ¶ 16, *National Enterprise*; Compl. at ¶ 16, *Enhanced Recovery*; Compl. at ¶ 16, *Northstar*; Compl. at ¶ 24, *RJM*; Compl. at ¶ 26, *Cavalry*; Compl. at ¶ 27, *Midland*.  But he fails adequately to allege willfulness or negligence.

While Mr. Farkas asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner in all eight of the complaints.  *See generally Iqbal*, 129 S.Ct. at 1949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks omitted)).  Willfulness as used in the relevant provision of the FCRA, Section 1681n, means knowledge or recklessness.  *See, e.g., Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56–60 (2007); *see generally* 15 U.S.C. § 1681n.  Mr.

Farkas has failed to allege any facts related to Defendants' state of mind when they allegedly obtained his credit reports.

All Mr. Farkas alleges is that he does not know what permissible purpose Defendants might have had.  *See* Compl. at ¶ 23, *Hana*; Compl. at ¶ 23, *Main Street*; Compl. at ¶ 21, *National Enterprise*; Compl. at ¶ 21, *Enhanced Recovery*; Compl. at ¶ 21, *Northstar*; Compl. at ¶ 30, *RJM*; Compl. at ¶ 32, *Cavalry*; Compl. at ¶ 33, *Midland*.

That allegation does not include enough factual content to allow this Court to draw the reasonable inference that the alleged violation was willful. *See Zapolski*, 425 Fed. Appx. at 6., Mr. Farkas alleges no facts that would establish that Defendants knew they had no permissible purpose or recklessly disregarded their obligation to have a permissible purpose under the law. Based on the allegations in the complaints, Defendants' conduct could just as likely have been unintentional and so Mr. Farkas has failed to state a claim under Section 1681n.

**FDCPA Counts (*RJM*, *Cavalry*, *Midland*)**

In *RJM*, *Cavalry*, and *Midland*, Mr. Farkas alleges, in Count 2 of each complaint, that the Defendants attempted to collect a debt after being notified that the debt was disputed in violation of 15 U.S.C. § 1692g.  He then alleges, in Count 3 of each complaint, that the Defendants sent him communications that misrepresented a debt in violation of 15 U.S.C. § 1692e.

Mr. Farkas has adequately pled a violation of 15 U.S.C. § 1692e in each case.  But he has not adequately pled a violation of 15 U.S.C. § 1692g in *Midland*.

Section 1692g of the FDCPA requires that a debt collector within five days of "initial[ly] communicat[ing]" with a consumer regarding collection of a debt provide the consumer with notice of certain rights.  15 U.S.C. § 1692g(a).  Those rights include that he has 30 days from the

date of the notice to dispute the validity of the debt. See § 1692g(a)(4). If the consumer timely disputes the debt (i.e. within the 30-days), the collector must cease collection until it obtains verification of the debt and mails a copy of that verification to the consumer. § 1692g(b).

In the *Midland* case, Mr. Farkas alleges that on or about July 2, 2011, he received a letter from Midland demanding payment of a debt. Compl. ¶ 10, *Midland*. He alleges that on October 25, 2011, he sent a letter disputing the debt and demanding its validation. *Id.* ¶ 11.

From Mr. Farkas' own complaint it appears that his demand for validation was untimely—i.e. outside of the 30-day period. As such, it would be impossible for plaintiff to state a claim under Section 1692g(b). *See Lane v. Fein, Such and Crane, LLP*, 767 F. Supp. 2d 382, 388 (E.D.N.Y. 2011) ("Section 1692g [] require[s] a debt collector to cease its collection actions only if a challenge is made during this thirty day window.").

Mr. Farkas alleges that Midland sent a second and a third letter on or about December 3, 2011 and January 2, 2012, respectively and that he responded to each of those subsequent letters requesting validation of the debt. But these letters cannot not form the basis for a Section 1692g claim even if the Parties' letters were separated by fewer than 30 days. Section 1692g is clear that the 30-day period is tied to "the *initial* communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692(a) (emphasis added). Midland's later alleged letters—following its July 2, 2011 letter—were not the first communication regarding the debt in question. Count 2 of the *Midland* case does not state a claim for which relief may be granted.

By contrast, in the *RJM* and *Cavalry* cases, Mr. Farkas alleges that he disputed the debt in Defendants' initial communications within the relevant 30-day period. These claims, therefore, will not be dismissed at this stage.

7

**CONCLUSION**

For the foregoing reasons, the following complaints are hereby DISMISSED in their entirety without prejudice and with leave to re-plead within 30 days of the date of this Order:

*Farkas v. Frederick J. Hana & Associates*, No. 12-cv-1110;

*Farkas v. Main Street Acquisition Corp.*, No. 12-cv-1310;

*Farkas v. National Enterprise Systems*, No. 12-cv-1456;

*Farkas v. Enhanced Recovery Co.*, No. 12-cv-2212; and,

*Farkas v. Northstar Location Services*, No. 12-cv-2360.

The FCRA Counts (Count 1) in the following complaints are likewise DISMISSED without prejudice and with leave to re-plead within 30 days of the date of this Order:

*Farkash v. RJM Acquisition Funding*, No. 12-cv-735;

*Farkas v. Cavalry Portfolio Services*, No. 12-cv-935; and,

*Farkash v. Midland Credit Management*, No. 12-cv-1017.

Additionally, in *Farkash v. Midland Credit Management*, No. 12-cv-1017, Count 2 is DISMISSED with prejudice.

If Mr. Farkas chooses to replead, to survive dismissal he must allege particular facts that would allow this Court to draw the reasonable inference that each Defendant is liable for the conduct alleged. Put another way, he would have to plead facts that would permit the Court to conclude that each Defendant's conduct was more likely illegal than legal based on the applicable statute. Additionally, while he has already pled sufficient facts to support some elements of some of his claims, to the extent that he knows of other facts relevant to the conduct alleged, he would be prudent to add those facts to any amended complaints he may choose to file.

If Mr. Farkas fails to replead any of his dismissed complaints or claims within the 30-day period, those complaints or claims will be dismissed with prejudice. As noted, Count 2 of *Midland* is already dismissed with prejudice and cannot be resuscitated by repleading.

The non-dismissed claims in *RJM* (Counts 2 and 3), *Cavalry* (Counts 2 and 3), and *Midland* (Count 3) will proceed in their current form.

It is SO ORDERED.

Dated: May 25, 2012
White Plains, NY

                                  Edgardo Ramos, U.S.D.J.