PRO SE OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David Farkash;
*Plaintiff,*

-v-

RJM ACQUISITIONS FUNDING, LLC;
*Defendant,*

Case No. **7:12-cv-00735-ER**

**TRIAL BY JURY DEMANDED**

## AMENDED COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p §1692k(d), and 28 U.S.C. § 1331, 15 U.S.C. § 1691 *et seq.*

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David Farkash, (hereinafter "Plaintiff"), a natural person, who resides in Orange County, New York and is a consumer as defined by FCRA 15 U.S.C. § 1681a(c), & FDCPA 15 U.S.C. § 1692a(3).

4. The Defendant in this lawsuit is RJM ACQUISITIONS FUNDING, LLC (hereinafter "Defendant") an unknown entity with offices at 575 Underhill Blvd. Suite 224, Syosset, NY 11791-3416.

### VENUE

5. The occurrences which give rise to this action occurred in Orange County, New York and Plaintiff resides in Orange County, New York.

6. Venue is proper in the Southern District of New York.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff found after examination of his Experian consumer credit report that Defendant had obtained Plaintiff's Experian consumer credit report on February 3, 2010 – February 6, 2010 – August 24, 2010 – February 25, 2011 – March 7, 2011 – May 21, 2011 without permissible purpose, thereby reducing Plaintiff's credit score.

9. Discovery of violation brought forth herein occurred in Month of June, Year 2011 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

10. On or about April 26, 2011 Plaintiff received a letter from Defendant which demanded payment in the amount of $15,705.48 for a consumer debt as defined by 15 U.S.C. § 1692(a)(5) which had allegedly been consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

11. On May 16, 2011 Plaintiff sent a timely demand for validation and dispute in writing to the Defendant via U.S. Mail Certified Receipt # 7010 1670 0001 4899 3567 pursuant to the FDCPA. USPS records show that Defendant received the demand at 10:34 am on May 17, 2011 in SYOSSET, NY 11791.

12. Plaintiff received no reply from Defendant, no general ledger accounting of the alleged account, or a copy of any signed contract or agreement, and no verified statement, that the information was provided by the person who created and maintains the account records at issue and was true, accurate and not misleading.

13. On or about December 27, 2011 Plaintiff received a second letter from Defendant which demanded payment and stated that,

*"THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR"* in violation of 15 U.S.C. § 1692g(b) when a prior request for validation had been made and not complied with and collection activity was still ongoing.

14. Plaintiff again made a request for validation to the Defendant in a letter dated January 1, 2012 via U.S. Mail Certified Receipt 9405 5036 9930 0358 8090 26 requesting proper validation and gave notice to cease and desist once again from any further collection until validation was properly and legally provided.

15. The validation demand was received by the Defendant according to USPS records. And again Defendant did not provide Plaintiff with documented validation as demanded.

16. The response received on or about January 13, 2012 by Plaintiff from Defendant again stated *"THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR"* in violation of 15 U.S.C. § 1692g(b) when a prior requests for validation had been made and not complied with and collection activity was still ongoing.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT RJM ACQUISITIONS FUNDING, LLC

17. Paragraphs 1 through 16 are re-alleged as though fully set forth herein.

18. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

19. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

20. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

21. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

22. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

23. At no time did Plaintiff give his consent for Defendant, to acquire his consumer credit report from any credit reporting agency.

24. In the year 2010 and 2011 Defendant obtained the Experian consumer credit report of the Plaintiff six times with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

25. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

26. Plaintiff is positive that he has never had any accounts with the Defendant that could claim to have permissible purpose to obtain his credit report as defined by the FCRA.

27. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

28. Plaintiff sent a notice to Defendant of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them.  Plaintiff received no reply to said notice sent to Defendant.

29. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, for statutory damages, of $6,000.00 pursuant to 15 U.S.C. fees and costs, to be determined by this honorable court, pursuant to 15 U.S.C. §1681n.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g(b) BY DEFENDANT RJM ACQUISITIONS FUNDING, LLC

30. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.
31. Defendant is a debt collector within the meaning of the § FDCPA 1692a(6).
32. The response that Plaintiff received from Defendant after his first request for validation did not contain validation of the alleged debt but stated that the communication was an attempt to collect a debt in blatant violation of 15 U.S.C. Title 15 § 1692g(b).
33. Defendant as a debt collector, violated 15 U.S.C. § 1692g(b) by sending a collection notice to Plaintiff when multiple demands for validation and demands to cease and desist from collection activities sent to Defendant had not been complied with as required under the FDCPA.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, for statutory damages, of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); fees and costs, to be determined by this honorable court, pursuant to 15 U.S.C. §1692k.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 12, 2012

Respectfully Submitted,

By: _____

David Farkash
PO Box 54
Monroe, NY 10949
ibzpl2@gmail.com

**Service to:**

RJM ACQUISITIONS FUNDING, LLC
575 Underhill Blvd. Suite 224
Syosset, NY 11791-3416
(Certified Mail) 7011 2000 0000 9436 7095

Jonathan David Elliot
Zeldes Needle & Cooper, P.C.
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06000
(Certified Mail) 7011 2000 0000 9436 7101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David Farkash

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

7:12 Civ. 00735 (ER) ( )

- against -

RJM ACQUISITIONS FUNDING, LLC

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, David Farkash _(name)_, declare under penalty of perjury that I have served a copy of the attached Amended Complaint _(document you are serving)_ upon RJM ACQUISITIONS FUNDING, LLC _(name of person served)_ whose address is 575 Underhill Blvd. Suite 224, Syosset, NY 11791-3416 _(where you served document)_ by U.S. Certified Mail 7011 2000 0000 9436 7095

*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Monroe _(town/city)_, NY _(state)_
June _(month)_ 12 _(day)_, 20 12 _(year)_

Signature

PO Box 54
*Address*

Monroe, NY
*City, State*

10949
*Zip Code*

*Telephone Number*

Rev. 05/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David Farkash

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

7:12 Civ. 00735 (ER) ( )

- against -

RJM ACQUISITIONS FUNDING, LLC

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, David Farkash, declare under penalty of perjury that I have
*(name)*

served a copy of the attached Amended Complaint
*(document you are serving)*

upon Jonathan David Elliot whose address is
*(name of person served)*

1000 Lafayette Boulevard, P.O. Box 1740, Bridgeport, CT 06000
*(where you served document)*

by U.S. Certified Mail 7011 2000 0000 9436 7101
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Monroe, NY
       *(town/city)* *(state)*

June    12 , 20 12
*(month)* *(day)* *(year)*

Signature

PO Box 54
*Address*

Monroe, NY
*City, State*

10949
*Zip Code*

*Telephone Number*

*Rev. 05/2010*