UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FARKASH,

          Plaintiff,

v.

RJM ACQUISITIONS FUNDING, LLC,

          Defendant.

No. 7:12-cv-00735-ER

**ANSWER TO AMENDED COMPLAINT**

The defendant, RJM Acquisitions Funding LLC ("RJM"), by and through the undersigned counsel, for its Answer to the Amended Complaint herein, hereby denies each and every averment, except as expressly stated below, as follows:

1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 1 and therefore leaves the plaintiff to his proof.

2.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 2 and therefore denies the same and leaves the plaintiff to his proof.

3.    Admits that plaintiff is a natural person and otherwise denies knowledge and information as to the truth of the remaining allegations of this Paragraph 1, and therefore leaves the plaintiff to his proof.

4.    Admits except denies that RJM is an "unknown" entity.

5.    Denies.

6.    Without admitting the validity of the claims, admits.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 7 and therefore leaves the plaintiff to his proof.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 8 and therefore leaves the plaintiff to his proof.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 9 and therefore leaves the plaintiff to his proof.

10. Admits that in April 2011 defendant sent a letter to plaintiff seeking payment of a financial obligation in the amount of $15,705.48 that had been transferred to RJM, denies knowledge or information as to whether the obligation is a consumer debt and therefore leaves the plaintiff to his proof and otherwise denies the allegations of this Paragraph 10.

11. Admits that defendant received correspondence from plaintiff on May 17, 2011, refers to the letter for the content thereof and otherwise denies knowledge and information as to the truth of the remaining allegations of this Paragraph 11, and therefore leaves the plaintiff to his proof.

12. Admits that defendant did not reply to plaintiff regarding the letter but noted the plaintiff's dispute and ceased further collection efforts regarding the financial obligation in question.  Denies that defendant was required by law to respond.

13. Denies.

14. Admits that defendant received correspondence in February 2012 from the plaintiff, refers to the correspondence for the content thereof and otherwise denies the remaining allegations of this Paragraph 14.

15. Admits that defendant did not reply to plaintiff regarding the letter but noted the plaintiff's dispute and ceased further collection efforts regarding the financial obligation in question.  Denies that defendant was required by law to respond.

16. Denies.

17. Defendant repeats and re-alleges the answers to paragraph 1 through 16 of the Complaint as their answer to this Paragraph 18 as though fully set forth herein.

18. Admits.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 21 and therefore leaves the plaintiff to his proof.

20. Denies as stated and refers to the statute for the content thereof.

21. Denies as stated and refers to the statute for the content thereof.

22. Denies.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 23 and therefore leaves the plaintiff to his proof.

24. Denies

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 25 and therefore leaves the plaintiff to his proof.

26. Denies.

27. Denies.

28. Admits that Defendant received correspondence from Plaintiff claiming a violation of FCRA, denies knowledge as to the plaintiff's purposes and reasons for sending said correspondence and denies that any response was required.

29. Admits that Defendant was required to have a permissible purpose for obtaining Plaintiff's credit report, and otherwise denies remaining allegations.

30. Defendant repeats and re-alleges the answers to paragraph 1 through 29 of the Complaint as their answer to this Paragraph 30 as though fully set forth herein.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 31 and therefore leaves the plaintiff to his proof.

32. Denies.

33. Denies.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any violation of the FDCPA was unintentional, resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claim are barred by setoff due to the fact that plaintiff owes the defendant amounts exceeding the amount of any claim by plaintiff.

WHEREFORE, the defendant requests that the plaintiff's Complaint be dismissed with prejudice and that the court grant defendants such other relief as may be required by the interests of justice, including without limitation, costs of defense, including a reasonable attorney fee.

Date: July 5, 2012                           DEFENDANT
                                             RJM ACQUISITIONS FUNDING, LLC


                                             By: _____/s/_____
                                                 Jonathan D. Elliot

                                                 Zeldes, Needle & Cooper, P.C.
                                                 1000 Lafayette Blvd., Suite 500
                                                 Bridgeport, CT 06604
                                                 Tel: (203) 333-9441
                                                 Fax: (203) 333-1489
                                                 Email: jelliot@znclaw.com

                                             Its Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 5, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Jonathan D. Elliot